■ In the Matter of the Claim of PATRICK A. EPISCOPO, Respondent, against GENERAL OUTDOOR ADVERTISING CO. INC., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by an employer and its carrier from an award of compensation made by the Workmen's Compensation Board for permanent partial disability, based on findings that the pathology in claimant's left leg was the result of an accident. The accident is not disputed. Claimant was a sign painter, and while lowering a scaffold he fell six feet to a roof. The board found that he injured his back, left leg and hip "with the result that he suffered accidental injuries in the nature of an accentuation of his underlying spondylolisthesis, an atrophy of the muscles of his left leg, a shortening of his left leg and a sprain of his lumbosacral region, all of which caused him to be permanently partially disabled". We find no medical evidence whatever in the record to support the statement that the shortness of claimant's left leg was due to the accident. The only physician who testified in support of causal relation refused to give any opinion as to the cause of this defect. The referee found that claimant had sustained only a lumbosacral sprain, and the other pathology existing in claimant's left lower extremity was not related to the accident. The overwhelming weight of the medical testimony supports the referee's finding, but nevertheless the issue we have to determine is whether, on the whole record, there is any substantial evidence to support the enlarged findings of the board (*Matter of Kopec* v. *Buffalo Brake Beam Acme Steel & Malleable Iron Works*, 304 N. Y. 65; *Matter of McCormick* v. *National City Bank*, 303 N. Y. 5). If the record is correct 11 physicians saw claimant, and either treated him or examined him, including two who saw him shortly after the accident but who neither filed reports nor testified. Of the nine physicians who either treated or examined claimant, and who filed reports or testified, only one ventured an opinion that there was any causal relation between the accident and the atrophy existing in claimant's left leg, and this opinion was conditioned on the assumption that the atrophy was not present before the accident. The doctor further said that from the history as he found it he would suspect that claimant had a herniated disc. Such a diagnosis was contingent and indefinite, indeed, almost wholly conjectural. Claimant had a history of congenital spondylolisthesis of the fifth lumbar vertebra of the sacrum, and there is evidence that at the age of 20 months sustained an injury to his head which left him with some residual paralysis of the left side of his face. Whether claimant had a pre-existing atrophy of the muscles of the left leg is one of the grave questions in the case. On that issue the testimony of the two physicians who saw him shortly after the accident would have been of inestimable value. No explanation was offered or reason assigned to account for the failure to present reports from these doctors or call them as witnesses. The only evidence which supports

a conclusion that atrophy did not exist prior to the accident was an army induction examination done on April 6, 1942, and a discharge examination conducted on December 13, 1945. In the classification of "muscular skeletal defects" no abnormalities were assigned on either examination, but on the discharge examination a complaint was registered that there was pain in the left calf in cold weather. Apparently it was upon the strength of those examinations that the board concluded that there was no atrophy in claimant's left leg prior to the accident, and on that basis took the opinion of the attending physician who testified for causal relation if no pre-existing atrophy existed, as against the majority opinion the other way. It may be pointed out that last military examination predated the accident, which occurred on February, by some eight years. Moreover there is no proof as to how minutely or thoroughly such examinations were conducted. They revealed, if taken at their face, no shortening of the left leg, and yet no physician who testified or filed a report in the case ascribed such shortening to the accident in question. Our analysis of the record constrains us to the belief that the evidence relied upon to sustain a finding of causal connection for the pathology in claimant's left leg and hip, and other lumbosacral sprain of the lower back, is not substantial. The award is reversed, with costs against the Workmen's Compensation Board, and the matter remitted for further consideration. Foster, P. J., Bergan, Coon, Halpern and Gibson, JJ., concur.